JAMES E. HART, Bar No. 194168
jhart@littler.com
P. DUSTIN BODAGHI, Bar No. 271501
dbodaghi@littler.com
LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA  92614
Telephone:  949.705.3000
Facsimile:   949.724.1201

ASHLEY BRICK, Bar No. 281657
abrick@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Facsimile: 310.553.5583

Attorneys for Defendant
STONELEDGE FURNITURE, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FORSYTH, an individual; ADAM MORGAN, an individual; DERRICK J. GRAY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>STONELEDGE FURNITURE, LLC, a corporate entity form unknown d/b/a ASHLEY FURNITURE; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.  2:18-CV-00113<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§1332, 1441 AND 1446**<br><br>[*Filed Concurrently With The Declarations Of Troy Muller And P. Dustin Bodaghi, Notice Of Interested Parties; Notice Of Related Cases; Civil Case Cover Sheet*]<br><br>Complaint Filed:   October 19, 2017<br>Trial Date:          N/A |

TO:   THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFFS AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§1332, 1441(b), and 1446, Defendant Stoneledge Furniture, LLC ("Defendant"), by and through the undersigned counsel, hereby removes the action described below from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California, Southern Division.

This Notice is based upon the jurisdiction of the federal district court because the parties are of diverse citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332.

Defendant makes the following allegations in support of its Notice of Removal:

## I.  STATEMENT OF JURISDICTION

1.     This Court has original jurisdiction under 28 U.S.C. §1332(a)(1), and this case may be removed pursuant to 28 U.S.C. §1441(a) because it is a civil action in which the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and is between "citizens of different States."

2.     As set forth below, this case meets all of Section 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.  VENUE

3.     This action was filed in the Superior Court for the State of California for the County of Orange County.  Accordingly, venue is proper in this Court pursuant to 28 U.S.C. §§84(c)(3), 1391, 1441(a) and 1446.

4.     All named defendants consent to removal.

## III.  PLEADINGS, PROCESS AND ORDERS

5.     This lawsuit arises out of the employment of Plaintiffs David Forsyth, Adam Morgan, and Derrick J. Gray ("Plaintiffs") with Defendant.  On or about October 19, 2017, Plaintiffs filed their Complaint in the Superior Court of the State of California, County of Orange, entitled *DAVID FORSYTH, ADAM MORGAN,*

*DERRICK J. GRAY v. STONLEDGE FURNITURE, LLC d/b/a ASHLEY FURNITURE, and DOES 1-50, inclusive*, bearing Case No. 30-2017-00950690-CU-OE-CJC.   The Complaint asserts the following eight causes of action:  (1) Breach of Contract; (2) Breach of Good Faith and Fair Dealing; (3) Failure to Pay Wages and Overtime; (4) Waiting Time Penalties; (5) Meal Period Liability Under Labor Code § 226.7; (6) Rest Break Liability Under Labor Code § 226.7; (7) Wrongful Termination; (8) Violation of Business & Professions Code § 17200 *et seq.*  Attached as **Exhibit A** to the concurrently filed Declaration of P. Dustin Bodaghi ("Bodaghi Decl.") are true and correct copies of the Summons and Complaint.

6.    Counsel for Defendant signed a Notice and Acknowledgement of receipt of the Complaint on December 6, 2017.[1]   Attached as **Exhibit B** to the Bodaghi Declaration is a true and correct copy of the Notice of Acknowledgement and Receipt.

7.    On January 4, 2018, Defendant filed an Answer to the Complaint in Orange County Superior Court.  Attached as **Exhibit C** to the Bodaghi Declaration is a true and correct copy of Defendant's Answer.

8.    The docket reflects that additional documents have been filed in the matter:

a.    On or about October 19, 2017, Plaintiffs filed a Civil Case Cover sheet, a true and correct copy of which is attached as **Exhibit D** to the Bodaghi Declaration.

b.    On or about October 19, 2017, a Notice of Case Assignment was filed, a true and correct copy of which is attached as **Exhibit E** to the Bodaghi Declaration.

c.    A true and correct copy of the October 20, 2017 Order on Court

---

[1] A Notice and Acknowledgment of Receipt form is a mechanism by which a plaintiff can serve a summons and complaint by mail prior to attempting service by another method.  Cal. Civ. Proc. Code § 415.30.  The service of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed.  Cal. Civ. Proc. Code § 415.30(c).

Fee Waiver regarding Plaintiff David Forsyth is attached as **Exhibit F** to the Bodaghi Declaration.

    d.    A true and correct copy of the October 20, 2017 Order on Court Fee Waiver regarding Plaintiff Adam Morgan is attached as **Exhibit G** to the Bodaghi Declaration.

    e.    A true and correct copy of the October 20, 2017 Order on Court Fee Waiver regarding Plaintiff Derrick Gray is attached as **Exhibit H** to the Bodaghi Declaration.

    f.    On or about November 7, 2017, the Orange County Superior Court issued a notice of a Case Management Conference scheduled for March 1, 2018.  Attached as **Exhibit I** to the Bodaghi Declaration is a true and correct copy of the Notice of Hearing.

    g.    On or about December 18, 2017, Plaintiffs filed a Proof of Service of Summons, a true and correct copy of which is attached as **Exhibit J** to the Bodaghi Declaration.

9.    Pursuant to 28 U.S.C. §1446(a), the documents attached to the Bodaghi Declaration as **Exhibits A-J** constitute all process, pleadings, and orders served upon Defendant or filed in this action.  (Bodaghi Decl., ¶ 12.)  To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Orange County Superior Court.  The attachments thereby satisfy the requirements of 28 U.S.C. §1446(a).

## IV.  TIMELINESS OF REMOVAL

10.    Counsel for Defendant signed an acknowledgement of receipt of the Complaint on December 6, 2017.  (Bodaghi Decl., Ex. B.)  Under 28 U.S.C. §1446(b), the notice of removal of a civil action must be filed within thirty (30) days after service of process. 28 U.S.C. §1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint).

11.    The service of a summons pursuant to Section 415.30 is deemed complete on the date a written acknowledgement of receipt of summons is executed – in this case, September 22, 2015.  Cal. Code Civ. Proc., §415.30(c).  Pursuant to 28 U.S.C. §1446(b), this Notice of Removal is therefore timely filed as it is filed within thirty (30) days after Defendant was effectively served with the Complaint and within one year after commencement of this action.

## V.   DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §1332

12.    Section 1332(a) provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. . . (1) citizens of different States[.]" This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to Section 1332(a), and may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441(b) because it is a civil action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

13.    **Plaintiffs are citizens of California.**    To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Bank of N.Y. Mellon v. Nersesian*, 2013 WL 8284799, at *7 (C.D. Cal. 2013) (citing *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983)).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Nersesian*, 2013 WL 8284799, at *7 (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  Residence is *prima facie* evidence of one's domicile. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *Sadeh v. Safeco Ins. Co.*, 2012 WL 10759737, at *4 (C.D. Cal. 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).  Plaintiffs all allege that they are residents of California.  (Bodaghi Decl., Ex. A, Complaint at 2:4-9; *see also* Muller Decl. at ¶ 9.)  At all times referenced in the

1   Complaint, Plaintiffs alleged that they were employed by Defendant in California.
2   (Bodaghi Decl., Ex. A, see Complaint at 4:4-15; Muller Decl., ¶ 9.)  Thus, Plaintiffs
3   are citizens of California.

4       14.   None of the Defendants are a State, State official or any other
5   governmental entity.

6       15.   **Entity Defendants Are Not Citizens of California**.  In determining
7   diversity jurisdiction, a corporation "shall be deemed a citizen of any State by which it
8   has been incorporated and of the State where it has its principal place of business." 28
9   U.S.C. §1332(c)(1).  "[For diversity jurisdiction purposes, the citizenship of a limited
10  liability company is the citizenship of its members.  *Johnson v. SmithKline Beecham*
11  *Corp.*, 724 F.3d 337, 352 (3d Cir. 2013); *Johnson v. Columbia Properties Anchorage,*
12  *LP*, 437 F.3d 894, 899 (9th Cir. 2006).  A corporation is deemed a citizen of its state
13  of incorporation and the state or foreign state where it has its principal place of
14  business. 28 U.S.C. §1332(c)(1).  A corporation's principal place of business is "the
15  place where the corporation's high level officers direct, control, and coordinate the
16  corporation's activities," *i.e.*, its "nerve center," which is typically a corporation's
17  headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010).

18      16.   At the time the action was commenced, Defendant was, and still is, a
19  Wisconsin limited liability company with its principle place of business and
20  headquarters located in Arcadia, Wisconsin.  Most of the corporate-wide decisions
21  relating to Defendant are made from Arcadia, Wisconsin and/or Florida.  (Declaration
22  of Troy Muller in Support of Defendant's Removal ("Muller Decl."), ¶ 8.)

23      17.   Defendant is wholly owned by Ashley Global Retail, LLC ("Ashley
24  Global Retail"), which is incorporated under the laws of the State of Delaware.
25  (Muller Decl. at ¶¶ 3, 5, 6.)  Ashley Global Retail's operations management, human
26  resources, finance, information technology, distribution operations, legal and sales and
27  marketing are managed from, and most corporate-wide decisions are made from,
28  Arcadia, Wisconsin and/or Ashley Global Retail's headquarters in Tampa, Florida.

1  (Muller Decl. at ¶¶ 5, 6.)  *Johnson v. SmithKline Beecham Corp.*, 724 F.3d at 352; see

2  also *Johnson v. Columbia Properties*, 437 F.3d at 900.

3      18.   **The Citizenship of "DOE" Defendants Should Be Disregarded.**   The

4  Complaint names as defendants "DOES 1-50, inclusive."   Pursuant to 28 U.S.C.

5  §1441(a), however, the citizenship of defendants sued under fictitious names must be

6  disregarded for the purpose of determining diversity jurisdiction.  *Newcombe v. Adolf*

7  *Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

8      19.   This action satisfies diversity requirements because Plaintiffs are citizens

9  of the State of California, but Defendant is not.   Therefore, the complete diversity

10  requirement of 28 U.S.C. §1332(a) is satisfied.   As discussed in detail below, the

11  amount in controversy in the Complaint exceeds the sum of seventy-five thousand

12  dollars ($75,000.00), exclusive of interest and costs, as required by Section 1332(a).

13      **VI.  THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET**

14      20.   It is clear from the allegations in Plaintiff's Complaint that the amount in

15  controversy exceeds $75,000, exclusive of interest and costs.   To measure the amount

16  in controversy, the Ninth Circuit instructs courts to first consider whether it is

17  "facially apparent" from the complaint that the jurisdictional amount has been

18  satisfied.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

19  In measuring the amount in controversy, "a court must assume that the allegations of

20  the complaint are true and assume that a jury will return a verdict for the plaintiff on

21  all claims made in the complaint."  *Kenneth Rothschild Trust v. Morgan Stanley Dean*

22  *Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotations and brackets

23  omitted).

24      21.   Here, the Complaint states on its face that the three Plaintiffs seek "no

25  less than three hundred thousand dollars" for "actual, consequential, and incidental

26  damages" alone.  (Bodaghi Decl., Ex. A at 14:18-20.)  Each Plaintiff worked a similar

27  amount of time/number of workweeks for Defendant, having starting their

28  employment in April of 2016 and worked for Defendant until September or October

of 2016.  (Bodaghi Decl., Ex. A, Complaint at 4:4-15; Muller Decl. at ¶¶ 10-12.)  Moreover, the Complaint makes the same claims on behalf of each Plaintiff and fails to significantly differentiate damages or relief claimed by Plaintiffs.   As such, Plaintiffs' stated total damages sought actual/consequential/incidental damages should be split approximately equally to each Plaintiff for purposes of determining the amount in controversy requirement, which results in each Plaintiff easily exceeding the amount in controversy requirement.  Notably, only one Plaintiff is required to meet the amount at controversy requirement for purposes of diversity jurisdiction.  *Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546, 549 (2005).   Further, Plaintiffs also seek other damages such as emotional distress, attorneys' fees, and punitive damages (which are further discussed below).

22.   Even had Plaintiffs not specified that they were seeking at least $300,000, they have put well over $75,000 each in controversy.   *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Although Defendant expressly denies any liability for the damages alleged in Plaintiffs' Complaint, for purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiffs will prevail on each and every one of their claims.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).   The ultimate inquiry is what amount is put "in controversy" by Plaintiffs' Complaint, not the amount, if any, that Defendant will actually owe.  *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

23.   The Complaint and the Prayer for Relief contained therein clearly demonstrate that the amount in controversy exceeds $75,000.  Plaintiffs seek recovery of loss of earnings and future earning capacity.  (Bodaghi Decl., Ex. A, Complaint ¶¶ 28, 36, 43, 71, and Prayer for Relief.)  Plaintiffs' employment with Defendant ended over a year ago.  As such, each Plaintiff seeks over one year of back pay, in addition to losses for future earnings.

LITTLER MENDELSON, P.C.
2050 MAIN STREET
SUITE 900
IRVINE, CA  92614
949.705.3000

1    24.    Plaintiffs also seek to recover damages for emotional distress. (Bodaghi

2    Decl., Ex. A, Complaint ¶ 71, and Prayer for Relief.)  Although Defendant disputes

3    that Plaintiffs are entitled to any such award, plaintiffs in employment cases have been

4    awarded substantial sums for emotional distress.  *See, e.g., Simmons v. PCR*

5    *Technology*, 209 F. Supp. 2d 1029, 1034 (C.D. Cal. 2002); *Redfield v. Insurance Co.*

6    *of N. Am.*, 940 F.2d 542 (9th Cir. 1991); *Dotson v. United States*, 87 F.3d 682 (5th

7    Cir. 1996).

8    25.    Plaintiffs further seek an award of attorneys' fees. (Bodaghi Decl., Ex.

9    A, Complaint ¶¶ 43, 51, and Prayer for Relief.)  Although Defendant disputes

10   Plaintiffs are entitled to any recovery, the claims at issue provide for the recovery of

11   attorneys' fees. *See* Cal. Lab. Code §§218.5, 1194.  "Where an underlying statute

12   authorizes an award of attorneys' fees, either with mandatory or discretionary

13   language, such fees may be included in the amount in controversy.'" *Lowdermilk v.*

14   *U.S. Bank National Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007); *Galt G/S v. JSS*

15   *Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute

16   authorizes an award of attorneys' fees, either with mandatory or discretionary

17   language, such fees may be included in the amount in controversy.").  "[C]ourts are

18   split as to whether only attorneys' fees that have accrued at the time of removal should

19   be considered in calculating the amount in controversy, or whether the calculation

20   should take into account fees likely to accrue over the life of the case." *Hernandez v.*

21   *Towne Park, Ltd.,* 2012 U.S. Dist. LEXIS 86675, 2012 WL 2373372, *19 (C.D. Cal.

22   2012); *see Reames v. AB Car Rental Servs., Inc.,* 899 F. Supp. 2d 1012, 1018 (D. Or.

23   2012).  However, many district courts within the Ninth Circuit have assessed fees

24   through trial when calculating the amount in controversy, including courts in the

25   Central District.  *Sasso v. Noble Utah Long Beach, LLC*, 2015 U.S. Dist. LEXIS

26   25921 at *11 (C.D. Cal. March 3, 2015) ("The Court believes that, when authorized

27   by an underlying statute, the better view is to consider post-removal attorneys' fees

28   because they are part of the total 'amount at stake.'") (collecting authorities)).  In

affirmatively ruling that attorneys' fees "may be included in the amount in controversy," the Ninth Circuit "must have anticipated that district courts would project fees beyond removal." *Simmons,* 209 F. Supp. 2d at 1034-35.  As such, Plaintiffs' significant amount of attorneys' fees to be incurred through the time of trial should be considered here in determining the amount in controversy.

26.    The Complaint also seeks punitive damages.  (Bodaghi Decl., Ex. A, Complaint ¶¶ 72, and Prayer For Relief.)  The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law.  *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady*, 243 F. Supp. 2d at 1009.  California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under California Civil Code §3294.  *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994).  Employment discrimination cases have the potential for significant punitive damages awards.  *Simmons*, 209 F. Supp. 2d at 1033; *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).  In *Aucina v. Amoco Oil Co.*, 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge action where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages.  The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum.  *Id.* at 334.  Thus, an award of punitive damages to Plaintiffs could alone exceed the jurisdictional minimum.

27.    Plaintiffs also seek "such other and further relief as the court may deem just and proper."  (Bodaghi Decl., Ex. A, Complaint, Prayer for Relief.)  Although uncertain in amount, these unspecified damages increase the amount in controversy.  *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-934 (W.D. Tenn. 2004)

LITTLER MENDELSON, P.C.
2050 MAIN STREET
SUITE 900
IRVINE, CA 92614
949.705.3000

10.

(the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though she plead in the complaint that she did not assert a claim in excess of $75,000).

28.     Based upon the pleadings, it does not appear to a "legal certainty that the claim is really for less than" the amount in controversy minimum. *Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).  Thus, Defendant has more than carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter clearly exceeds the jurisdictional minimum of $75,000.00.

29.     For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to Section 1332, and which may be removed by Defendant to this Court pursuant to 28 U.S.C. §1441 based on diversity jurisdiction.

## NOTICE TO STATE COURT AND PLAINTIFF

30.     Concurrently with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to counsel for Plaintiff, Jihad M. Samaili of SAMAILI & ASSOCIATES.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Orange.

WHEREFORE, Defendant respectfully removes this action from the Superior Court of California, County of Orange, to the above-entitled Court.

Dated:   January 5, 2018

*/s/ P. Dustin Bodaghi*
JIM E. HART
P. DUSTIN BODAGHI
LITTLER MENDELSON, P.C.
Attorneys for Defendant
STONELEDGE FURNITURE, LLC

Firmwide:151965888.5 061736.1025

LITTLER MENDELSON, P.C.
2050 MAIN STREET
SUITE 900
IRVINE, CA  92614
949.705.3000